IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAMI TAVAKE,

    Plaintiff,                                          No. CIV S-12-0041 KJM-GGH

    vs.

CHASE BANK,

    Defendant.                                       <u>ORDER</u>

_____/

        Plaintiff, proceeding pro se, filed the complaint in the above-captioned action on January 6, 2012. (ECF 1.) On January 12, 2012, plaintiff filed a motion for a temporary restraining order. (ECF 5.)

        Plaintiff has failed to file the documents required by Local Rule 231(c); specifically, plaintiff has not filed a brief on all relevant legal issues presented by the motion, a proposed temporary restraining order with a provision for a bond, a proposed order with blanks for fixing the time and date for hearing the motion, the date for filing responsive papers, the amount of the bond, if any, and the date and hour of issuance. Plaintiff has in the alternative failed to allege impossibility of filing the above-listed documents.

        Moreover, plaintiff's complaint and motion for temporary restraining order fail to allege sufficient facts and to attach necessary documentation of the alleged loan modifications to

1

1  allow the court to consider the merits of plaintiff's action.  A temporary restraining order may be
2  issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the
3  movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  The
4  purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so
5  long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v.*
6  *Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).  In determining whether to issue a
7  temporary restraining order, a court applies the factors that guide the evaluation of a request for
8  preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . .
9  likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities
10 tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Resources*
11 *Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008); *see Stuhlbarg Int'l. Sales Co., Inc.*
12 *v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analyses for temporary
13 restraining order and preliminary injunction "substantially identical").

   Plaintiff is hereby ordered to file the above-listed documents by 1:00 p.m. on
Friday, January 13, 2012.

   IT IS SO ORDERED.

DATED:  January 12, 2012.

_____
UNITED STATES DISTRICT JUDGE

2