IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAMI TAVAKE,

    Plaintiff,                                      No. CIV S-12-0041 KJM-GGH

    vs.

CHASE BANK,

    Defendant.                                <u>ORDER</u>

_____/

        This matter comes before the court upon plaintiff's filing of a motion for a temporary restraining order on January 12, 2012. (ECF 5.) Plaintiff seeks a temporary restraining order to stay the sale of the property located at 989 Critchett Road, Tracy, California 95304 scheduled to occur on January 17, 2012. Upon receipt of the motion, the court issued an order directing plaintiff to cure the defects of the motion by 1 p.m. on January 13, 2012. (ECF 6.)

        Specifically, the court ordered plaintiff to file the documents required by Local Rule 231(c): a brief on all relevant legal issues presented by the motion, a proposed temporary restraining order with a provision for a bond, and a proposed order with blanks for fixing the time and date for hearing the motion, the date for filing responsive papers, the amount of the bond, if any, and the date and hour of issuance. In addition, the court advised plaintiff that the

1

"complaint and motion for temporary restraining order fail to allege sufficient facts and to attach necessary documentation of the alleged loan modifications to allow the court to consider the merits of plaintiff's action."

Plaintiff timely filed additional documentation (ECF 7), which the court has considered.  For the following reasons, plaintiff's motion for a temporary restraining order is DENIED.

I.  STANDARD

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).  In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008); *see Stuhlbarg Int'l. Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analyses for temporary restraining order and preliminary injunction "substantially identical").  Plaintiffs must satisfy all four prongs of this test.  *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  Furthermore, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 375-76.  Rather, "plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction." *Id.* at 375.  "In each case, courts 'must balance the

competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Id*. at 376 (quoting *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987)). The Ninth Circuit employs the "serious questions" test, which states "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Wild Rockies*, 632 F.3d at 1135.

## II. ANALYSIS

Plaintiff's complaint alleges numerous causes of action, including for negligence, breach of contract, fraudulent concealment, conspiracy, unjust enrichment, violation of civil rights, and violation of the fourth, fifth, and ninth amendments. (ECF 1.) In her brief attached to the motion for a temporary restraining order, plaintiff contends that defendant "misled plaintiff into thinking that modification was forth coming [sic]." (ECF 7.) Viewing all of plaintiff's documents together, plaintiff apparently contends that she was in the process of modifying her loan with defendant when defendant sent her the foreclosure notice.

Plaintiff has presented no evidence that she is likely to succeed on the merits or that there are serious questions going to the merits. In her response to the court's January 12, 2012 order, plaintiff provided the court with numerous documents, including a number of undated forms and documents, a death certificate, direct deposit receipts, and documentation of disability. However, the only relevant evidence on the record before the court is a letter to plaintiff from defendant dated April 22, 2011 thanking plaintiff for her interest in participating in a modification program and instructing plaintiff to submit enumerated documents within thirty days of the date of the letter in order for her request for modification to be processed. (ECF 7 at 9.) The court has no indication whether plaintiff submitted the requisite documents, and if so when the documents were submitted, whether defendant extended the time for plaintiff to submit these documents, whether her request was ever processed, and whether defendant accepted her

1  request and intended to modify her loan.  Rather, plaintiff has provided evidence that the
2  requisite documentation was not timely submitted to defendant, and that some required
3  documents were not submitted until January 4, 2012.  (*Id.* at 22, 23.)  On this record, the court
4  concludes defendant did not issue plaintiff the foreclosure notice in spite of the fact that it was
5  simultaneously in the process of modifying her loan; rather, plaintiff began the process of
6  requesting a loan modification and submitting documentation to that effect approximately seven
7  months after the time given by defendant, on the virtual eve of the sale now set for next week.

As plaintiff has provided no evidence to support her contentions, the balance of equities decidedly does not tip in her favor, nor would granting a temporary restraining order in this matter be in the public interest.  The fact that plaintiff has shown likelihood of irreparable harm does not on its own support the granting of a temporary restraining order.  *See Harris v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 143363, at **3-4 (E.D. Cal. Dec. 13, 2011).

III.  CONCLUSION

For the foregoing reasons, plaintiff's request for a temporary restraining order is DENIED.

IT IS SO ORDERED.

DATED: January 13, 2012.

_____
UNITED STATES DISTRICT JUDGE