IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAMI TAVAKE, *et al.*,

    Plaintiffs,                                No. CIV 2:12-cv-0041 KJM AC PS

    vs.

CHASE BANK, *et al.*,

    Defendants.                            <u>ORDER</u>

        Plaintiffs are proceeding in this action in pro per and in forma pauperis. The matter was referred to a United States Magistrate Judge under Local Rule 302(c)(21).

        On December 6, 2012, the magistrate judge filed findings and recommendations, which were served on plaintiffs and which contained notice to the parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiffs have filed objections to the findings and recommendations, as has defendant Option One.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)© and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the file, the court adopts the findings and recommendations in part.

        As explained in the findings and recommendations, plaintiffs have failed to state a claim under RESPA, 12 U.S.C. § 2605(e), and have not alleged specific facts against Option

1

One. In their closing objections, plaintiffs suggest they can plead a RESPA claim against Option One because it transferred the loan to WaMu without giving them notice. (ECF 44 at 1-2.) However, in their opposition to the motions to dismiss, they identify Option One as trustee. (ECF No. 37 at 3 ¶ 2.) Thus, even if the RESPA claim had been filed within the applicable statute of limitations, it does not appear that plaintiffs could save it by amendment consonant with Rule 11 of the Federal Rules of Civil Procedure. Accordingly, plaintiff's claim against Option One must be dismissed

In their objections to the findings and recommendations, plaintiffs request leave to amend their complaint to allege that JP Morgan violated RESPA because it did not notify plaintiffs that it was the new servicer of their loan. (ECF 40 at 2.) "Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." 12 U.S.C. § 2605(b)(1). Although allowing plaintiffs to amend their complaint to state a claim under section 2605(e) would be futile for the reasons explained in the findings and recommendations, it is not clear at this point that plaintiffs cannot state a claim under section 2605(b)(1). Plaintiffs are granted leave to amend the RESPA cause of action in their complaint to state a claim under 2605(b)(1) only. If they are able to state such a federal claim, they may be able to pursue their state law claims as well.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed December 6, 2012 are adopted in part as follows:

    a. Defendant Option One Mortgage Corporation's August 15, 2012 motion to dismiss is granted;

    b. Defendants JPMorgan and California Reconveyance Company's motion to dismiss is granted with respect to plaintiff's RESPA claim, but plaintiffs are given leave to amend this portion of the complaint as set forth above;

     2. As the magistrate judge did not address in substance plaintiffs' state law claims against JP Morgan and California Reconveyance Company, the motion to dismiss is denied as to those claims and they may be included in any amended complaint; and

     3. Plaintiffs' amended complaint is due within twenty one days of the date of this order.

DATED: March 30, 2013.

_____
UNITED STATES DISTRICT JUDGE